IN RE ASSESSMENT OF TAXES, LAUPAHOEHOE SUGAR COMPANY, UNION MILL COMPANY, WAIAKEA MILL COMPANY AND HAMAKUA MILL COMPANY.

APPEALS FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

ARGUED OCTOBER 12, 1906.     DECIDED OCTOBER 12, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

INCOME TAX.

Under the income tax law (R. L., Ch. 99, as amended by Act 87 Laws of 1905) the income of certain plantation corporations for the period between July 1, 1905, and January 1, 1906, is held to have been the difference between the gross amount of sales of movable property during that period less the amount expended in the production of the same.

OPINION OF THE COURT BY WILDER, J.

These are appeals by the tax assessor from decisions of the tax appeal court of the first taxation division refusing to sustain his assessments of the income of the above named plantation corporations for the taxation period between July 1, 1905, and January 1, 1906.  At the conclusion of the argument the decisions appealed from were affirmed from the bench.

The income tax law (Ch. 99, R. L.), prior to its amendment by Act 87 of the Laws of 1905, provided that the yearly taxation period should be the twelve months preceding July 1.  By the amendment the yearly taxation period was changed so that it should be the twelve months preceding January 1, and one taxation period of six months between July 1, 1905, and January 1, 1906, was provided for.  It is the income during this six months' taxation period that is involved.

The taxpayers claimed that their income for this six months' period was the difference between the gross amount of all sales of their movable property (in these cases mainly sugar) during that period less the amount expended in the production of the same and made their returns accordingly, while the tax assessor claimed that their income was the gross amount of all sales of movable property during that period less the amount of their actual operating and business expenses for that period.

The statute (R. L., Secs. 1279-1281, as amended by Act 87 of the Laws of 1905), provides that "There shall be levied, assessed, collected and paid annually, except as hereinafter provided, a tax of two per cent. on the net profit or income above actual operating and business expenses derived during the first taxation period and each succeeding taxation period from all property owned and every business, trade, employment or vocation carried on in the Territory of Hawaii, of all corporations, no matter where created and organized;" that "In estimating the gains, profits and income of any * * * corporation, there shall be included * * * the amount of sales of all movable property less the amount expended in the purchase or produc-

tion of the same;" and that "in computing incomes the necessary expenses actually incurred in carrying on any business, trade, profession or occupation or in managing any property shall be deducted."

The method contended for by the assessor was the one followed by these taxpayers in making their income tax returns prior to the amendment of the statute in 1905. The actual operating and business expenses of one year were taken as approximating the actual cost of producing the sugars sold during that period. This approximation method was one of convenience which was recognized by all parties to be a fair one and reasonably accurate when applied to a period of one year, but when applied to a period of six months, during which the returns were large and the expenses small, it became inaccurate and unfair.

The returns of the taxpayers in these cases are in exact accordance with the statute. Even if, as claimed by the assessor, a portion of the cost of production was incurred prior to the six months' taxation period and has already been deducted from the income of the taxpayers during the preceding taxation periods, that does not take away the right of the taxpayers to make their returns and compute their incomes as the statute directs.

The decision of the tax appeal court in each case is affirmed as heretofore decided.

*M. F. Prosser, Deputy Attorney General,* for the assessor.

*W. A. Kinney* and *S. H. Derby,* (*Kinney, McClanahan & Derby* on the brief), for the taxpayers.