## IN RE INCOME TAX APPEAL CASES.

APPEALS FROM TAX APPEAL COURT, OAHU.

ARGUED JANUARY 27, FEBRUARY 4, 1908.
DECIDED JANUARY 27, FEBRUARY 4, 7, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

TAXATION—*deductions under income tax law.* .

Under the income tax law of Hawaii the cost of new buildings cannot be deducted from gross income.

The cost of a replacement may be allowed if the old article is practically but not totally abandoned.

The expenditure for a steel and concrete bridge to replace a wooden one is deductible as a replacement only up to the cost of a new bridge like the old one.

Additional machinery installed in a sugar mill is a betterment notwithstanding the fact that it is necessary to keep the plantation up to its former efficiency.

Necessary expenses of a business are deductible during the year in which they are incurred; amounts expended in the production of movable property are chargeable against the sales of that property irrespective of the year in which the amount was expended.

Following the decision *In re Income Taxes Ewa Plantation Co.*, 18 Haw. 530, counsel for the taxpayers in some of the other cases on the calendar moved to introduce further evidence in accordance with their offers made in the tax appeal court, in order to show as far as possible various items claimed to be deductible as running expenses or amounts expended in the production of their movable property. The cases were heard before the full court and the following dispositions made:

Koloa Sugar Co.: Deductions claimed, $8,295.51; admitted by, tax assessor, $2,811.04; withdrawn, $1,592.68; items in dispute, "Buildings, $1,417.37; Mill Machinery, $2,-474.42." Per curiam: It is claimed that the buildings were a

better class of laborers' quarters, made necessary by the intro-
duction of European immigrants in place of Asiatics, and did
not increase the value of the property, but new buildings can-
not be deducted under the first proviso of R. L. Sec. 1281
irrespective of this fact.    Deduction disallowed.    The item
of mill machinery was the cost of three new centrifugals, the
old centrifugals being so much worn as to be inefficient, but
instead of being discarded were retained and used only in
emergencies.    The question is a close one, but we find from
the evidence that while the old machinery was not absolutely
discarded the new centrifugals were substantially a replace-
ment and allow the deduction.

Decision reversed and total deduction of $5,285.46 allowed,
making assessment $46,924.49.

Lihue Plantation Co., Ltd.: Deductions claimed, $14,878.76;
admitted by the tax assessor, $8,950.64; item in dispute, "Rail-
roads and Bridges, $5,928.12." Per curiam: The disputed
item is the total cost of a steel and concrete bridge built to
replace a wooden bridge which had become insecure.    The
plantation claims the total cost of the new bridge, *Grant v.
Hartford and New Haven Railroad,* 93 U. S. 225, while the
tax assessor contends that only the value of the old bridge can
be allowed.    We are of the opinion that the allowance should be
the cost of replacing the old bridge by a new but substantially
similar structure, and that the difference between this and the
concrete bridge is a betterment.    The case was continued upon
motion of the plantation to obtain further evidence, and at the
second hearing it appeared that the expenditure on the new
structure within the year in question was $5,780.88, admittedly
within the cost of replacement.    Other items admitted by the
tax assessor brought the total deductions to $14,731.52.

Decision reversed and total deduction of $14,731.52 allowed,
making assessment $338,722.59.

Kekaha Sugar Co., Ltd.: Deduction claimed, $6,997.10;
admitted by tax assessor, $6,997.10.    Per curiam: Decision

reversed and deduction of $6,997.10 allowed, making assessment $32,468.75.

Kukaiau Plantation Co., Ltd.: Total deduction claimed, $4,528.69. Claim for buildings, $1,204.64, withdrawn on account of ruling in the Koloa Sugar Company case, and parts of other items withdrawn as already allowed. Balance admitted by tax assessor, $1,515.21. Per curiam: Decision reversed and total deduction of $1,515.21 allowed, making assessment $59,328.69.

Oahu Sugar Co., Ltd.: Total deduction, in view of rulings already made, claimed and admitted to be $24,712.16. Per curiam: Decision reversed and total deduction of $24,712.16 allowed, making assessment $448,082.95.

Wailuku Sugar Co.: Total deduction, in view of rulings already made, claimed and admitted to be $1,478.34. Per curiam: Decision reversed and total deduction of $1,478.34 allowed, making assessment $99,937.29.

Onomea Sugar Co.: Total deduction, in view of rulings already made, claimed and admitted to be $16,672.09. Per curiam: Decision reversed and total deduction of $16,672.09 allowed, making assessment $194,607.79.

Pepeekeo Sugar Co.: Total deduction claimed, $19,063; admitted by tax assessor, $813; item in dispute, "Mill machinery-reenforcements, $18,250." Per curiam: The evidence shows that on account of the deterioration in the Lahaina cane it has been found necessary to substitute yellow Caledonia and rose bamboo and that in order to properly extract the juices of these varieties it has been necessary to add an evaporator, superheater, extension to mixer, six new centrifugals, mud pressers, crystallizers, and the necessary connections and steam pumps. The output of the plantation has not been increased. The plantation claims that the cost of these additions should be allowed because necessary to keep the plantation up to the same state of efficiency, but we are of the opinion that the statute does not permit us to go that far. The only machinery

discarded as a result of these additions was some iron tanks, now replaced by the crystallizers, the replacement of which would have cost $2000. This is the only deduction that can be allowed.

Decision reversed and total deduction of $2813 allowed, making assessment $76,769.83.

Honomu Sugar Co.: Total deductions claimed, $5,088.08; admitted by tax assessor, $1,605.25; item in dispute, "Mill machinery-reenforcements, $3,482.83." Per curiam: In this case the evidence shows that four new centrifugals with the necessary mixers, connections and pumps, were installed so that all the drying of the sugar could be done during the day's run instead of using the old battery of centrifugals at night. This is plainly a permanent improvement and the deduction is disallowed.

Decision reversed and total deduction of $1,605.25 allowed, making assessment $129,693.43.

Honokaa Sugar Co.: Total deductions claimed, $38,139.52; admitted by tax assessor, $31,916.81; item in dispute, "Clearing new land, $6,222.71." Per curiam: This amount was expended in 1906 for clearing new land on which, according to the ordinary course of husbandry, a crop of sugar will be harvested in 1908. The plantation claims that the entire cost can be charged as an expense in 1906 under the language used in the decision of this court *In re Income Taxes Ewa Plantation,* 18 Haw. 530 at 537 in speaking of the hypothetical purchase of two years' supply of coal. The court in using that illustration, however, was referring to expenses and expenditures as distinguished from estimated depreciation and was not attempting to differentiate between the classes of expenses with reference to the year in which they are properly chargeable. There is a considerable difference between an expense under R. L. Sec. 1281, which would be properly chargeable within the year in which it was incurred, and the amount expended in the purchase or production of movable property under R. L.

Sec. 1280, which, under the decision in *In re Taxes Laupa-hoehoe Sugar Co.*, 18 Haw. 206, can be charged against the amount of sales of the movable property irrespective of the year in which the amount was expended. Before the latter decision, the plantations generally returned all cash outlays as necessary expenses; while since that decision they have gone to the other extreme, and so far as their returns show are running their large enterprises without expenses of any kind. In the complexity of accounts of a large sugar plantation, having three crops under cultivation at the same time, it would be difficult in many cases to draw the line between the necessary expenses of the business and the amount expended in the production of its sugar, but the item now under consideration is so plainly within the latter class that it cannot be allowed as a deduction at this time.

Decision reversed and total deduction of $31,916.81 allowed, making assessment $76,946.28.

Pacific Sugar Mill: Total deduction claimed, $18,502.22; admitted by tax assessor, $17,565.44; item in dispute, "Clearing new land, $936.78." Per curiam: This item stands on the same footing as the corresponding item in the Honokaa Sugar Co. just decided, and is disallowed.

Decision reversed and total deduction of $17,565.44 allowed, making assessment $34,415.46.

Pioneer Mill Co., Ltd.: Deductions claimed and admitted by tax assessor, $65,693.77. Per curiam: Decision reversed and deduction of $65,693.77 allowed, making assessment $356,-598.46.

Laupahoehoe Sugar Co.: Deduction claimed and admitted to be $33,151.20. Per curiam: In this and the following case the deduction claimed is in excess not only of the return but of the offer made before the tax appeal court and the motion in this court, and is allowed as to such excess only upon the express consent of the attorney general appearing for the tax assessor. Decision reversed and deduction of $33,151.20 allowed, making assessment $88,441.69.

Union Mill Co.: Deduction claimed and admitted by tax assessor, $4000. Per curiam: Decision reversed and deduction of $4000 allowed, making assessment $52,499.84.

Waiakea Mill Co.: Deduction claimed and admitted by tax assessor, $1,156.70. Per curiam: Decision reversed and deduction of $1,156.70 allowed, making assessment $325,655.49.

Hamakua Mill Co.: Deduction claimed and admitted by tax assessor, $14,639.69. Per curiam: Decision reversed and deduction of $14,639.69 allowed, making assessment $81,-719.55.

Honolulu Iron Works Co.: Deduction claimed and admitted by tax assessor, $2,545.37. Per curiam: Decision reversed and deduction of $2,545.37 allowed, making assessment $285,105.32.

C. F. Hart: Deduction claimed and admitted by tax assessor $1,702.43. Per curiam: Decision reversed and total deduction of $1,702.43 allowed, making assessment $53,642.46.

*C. R. Hemenway,* Attorney General, for tax assessor.

*H. E. Cooper* for taxpayers.